UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 08-10345-DPW |
| ) | |
| DIANNE WILKERSON ) | |
| and ) | |
| CHARLES "CHUCK" TURNER ) | |

REVISED PROTECTIVE ORDER

The government has made a motion pursuant to Fed.R.Crim.P. 16 and Local Rules 116 and 83.2B for a protective order which prohibits the disclosure of materials (including documents and recordings), and information contained therein, except for the purpose of the legal defense of the criminal charges and forfeiture allegation pending in the case captioned above, which restricts the disclosure of materials to certain individuals engaged in the defense of this case, and which limits the use of certain draft summaries and transcripts absent prior approval of the Court. Good cause having been shown that this has been a widely publicized criminal case and that the unrestricted release of discovery provided by the government would be detrimental to the interests of justice and is likely to interfere with the rights of the litigants to a fair trial by an impartial jury, it is hereby ORDERED, as follows:

1. This Order applies to Defendant Turner and his counsel, a separate order having been entered by the consent of Defendant Wilkerson and her counsel.

2. With respect to all materials, and information contained therein, disclosed by the government to defense counsel of record under this Order, defense counsel of record may further disclose such materials, or information contained therein, only for the purpose of the legal defense

1

of the criminal charges and forfeiture allegation pending in the case captioned above. Defense counsel of record may disclose such materials, and information contained therein, to the following individuals:

    a.    members of defense counsels' offices who are directly engaged in assisting the legal defense of this case (defined to include partners, associates, and employees of defense counsels' law firms, including secretaries and paralegals);

    b.    other persons retained by defense counsel of record for the purpose of assisting in the legal defense of this case, such as private investigators, experts, and attorneys and paralegals in other offices assisting defense counsel of record;

    c.    the defendant; and

    d.    potential witnesses for the legal defense of this matter and counsel for such potential witnesses, provided that defense counsel of record have made a good-faith determination that such disclosure is necessary to the proper preparation of the legal defense of this case. However, copies of such materials shall only be shown or played, and shall not be given, to such witnesses and witnesses' counsel.

    3.    Prior to disclosing any materials, or information contained therein, to any person defense counsel of record shall fully explain the terms of this Order and obtain from each person to whom such disclosure is made, an acknowledgment of the terms of this Order and their agreement to comply with its terms. Each person to whom disclosure is made shall endorse a copy of this Order, and defense counsel of record shall file such an endorsed copy with the Court. In the event that a potential witness or a witness's counsel declines to execute a copy of this Order, defense counsel of record shall file notice with the Court that such a disclosure has been made and that the

named potential witness and the witness's counsel have been informed of the content of the Order. Such filings shall be filed under seal and *ex parte*. The government shall have access to these filings only upon motion to the Court and good cause shown.

4.  Those persons acting as agents of defense counsel of record, defined as those individuals identified in Paragraphs 2.a. and 2.b., may disclose materials, or information contained therein, produced by the government under this Order, to potential witnesses and potential witnesses' counsel on the following conditions:

   a. such disclosure may only be for the purpose of the legal defense of the criminal charges and forfeiture allegation pending in the case captioned above;

   b. such disclosure may only be made after a good-faith determination by defense counsel of record that such disclosure is necessary to the proper preparation of the legal defense of the criminal charges and forfeiture allegation pending in the case captioned above;

   c. such disclosure shall be made only after the potential witness and the potential witness's counsel has been advised of the existence of this Order, agrees to comply with this Order, and executes a copy of this Order. In the event the potential witness or the witness's counsel declines to execute a copy of this Order, defense counsel of record shall file notice with the Court that such a disclosure has been made and that the named potential witness and the witness's counsel have been informed of the content of the Order. Such filings shall be filed under seal and *ex parte*. The government shall have access to these filings only upon motion to the Court and good cause shown; and

    d.      potential witnesses and potential witnesses' counsel may be shown copies of materials covered by this Order, but may not be provided copies of such materials.

5.      Only defense counsel of record and their agents (as defined in Paragraphs 2.a. and 2.b.) may disseminate materials, or information contained therein, which have been disclosed by the government under this Order. Neither the defendant, nor any other person receiving such materials or information contained therein, is permitted to disseminate or disclose such materials or information for any purpose at any time.

6.      Neither Defendant Turner, nor his counsel, may use preliminary transcripts of recordings disclosed by the government, or summaries of those recordings (bates marked DW-FBI-RECORDINGSUMMARY-000001-000195), in the examination or cross-examination of any witness at trial or during the course of any hearing on a motion related to this matter, except after notice to the Court and the government, and only if the district judge, upon motion and after hearing, determines such documents contain exculpatory evidence within the meaning of controlling law.

7.      With the exception of Paragraphs 5 and 6 of this Order, this Order shall remain in effect until 21 days prior to trial, or until such other time as the Court may order. Paragraphs 5 and 6 shall remain in effect until such time as modified by the Court.

_____
TIMOTHY S. HILLMAN
UNITES STATES MAGISTRATE JUDGE