UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.         )<br>)<br>DIANNE WILKERSON  )<br>)<br>       ) | CRIMINAL NO. 08-10345-DPW |

## MOTION OF DEFENDANT DIANNE WILKERSON FOR BILL OF PARTICULARS

The defendant, Dianne Wilkerson, hereby moves, pursuant to Fed. R. Crim. P. 7(f), for a bill of particulars as to Counts 14 through 36 of the Second Superseding Indictment, which charge substantive violations of 18 U.S.C. §§1341, 1343, 1346 and 2.

"The fundamental purpose of a bill of particulars is to apprise the defendant of the crime charged with sufficient particularity to enable him to properly prepare a defense to such charge, and to avoid prejudicial surprise at trial." United States v. Macleod Bureau, 6 F.R.D. 590, 592 (D. Mass. 1947), citing Wong Tai v. United States, 273 U.S. 77, 82 (1927) (additional citations omitted). In the present case, defendant is charged with 23 counts of so-called "honest services fraud." The First Circuit has noted at least "two . . . ways that a public official can steal his honest services from his public employer: (1) the individual can be influenced or otherwise affected in the performance of his duties . . . or (2) the official can fail to disclose a conflict of interest." United States v. Woodward, 149 F.3d 46, 57 (1st Cir. 1998). The indictment does not specify under which theory or theories defendant is being charged, despite the fact that these theories necessarily contain different elements, depend upon different types of proof, and require different theories of defense.

Likewise, the indictment fails to provide Wilkerson with particulars regarding whether

the government alleges she violated any state law(s), and if so, which state law(s) the government alleges she violated. While the First Circuit previously indicated that proof of a state law violation is not required for conviction of honest services fraud, see United States v. Sawyer, 85 F.3d 713, 726 (1st Cir. 1996), other circuits later held that the government must prove a state law violation, see United States v. Brumley, 116 F.3d 728, 735 (5th Cir. 1997) (en banc), and the First Circuit subsequently recognized that "[t]he relationship between state law and the federal honest services statute is unsettled." United States v. Urciuoli, 513 F.2d 290, 298 (1st Cir. 2008).[1] Thus, it is crucial that defendant be apprised of whether the government is in fact alleging a violation of state law.

The defendant therefore moves for particulars, specifying:

1. Under what theory/theories of honest services fraud the government is charging Ms. Wilkerson;

2. Whether the government alleges that Ms. Wilkerson violated any state law(s); and

3. If so, which state law(s) the government alleges Ms. Wilkerson violated.

WHEREFORE, defendant respectfully requests that this Court grant her motion for a bill of particulars.

---

[1] This is, of course, one of the issues currently being considered by the Supreme Court – that is, whether the government must prove a violation of state law in order to make a colorable allegation of honest services fraud (or, conversely, whether a honest services fraud is simply a federal "common law" crime). See United States v. Weyrauch, 548 F.3d 1237 (9th Cir. 2008), cert. granted, 129 S.Ct. 2863 (2009) (necessity of showing violation of state law in case of "duty to disclose").

Respectfully submitted,

*/s/ Max D. Stern*
Max D. Stern
BBO # 479560
Alexandra H. Deal
BBO # 660645
Stern Shapiro Weissberg & Garin, LLP
90 Canal Street
Suite 500
Boston, MA 02114
(617) 742-5800

Dated: December 14, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s)
filed through ECF system will be sent
electronically to the registered participants
as identified on the Notice of Electronic Filing
(NEF) and paper copies will be sent to those
indicated as non registered participants on December 14, 2009.

*/s/ Max D. Stern*

G:\SSWG\WILKERSON\U.S. v. Wilkerson\Pleadings\mot.bill.particulars.wpd