**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.  08-10345-DPW |
| | ) | |
| DIANNE WILKERSON | ) | |

**GOVERNMENT'S SECOND SUPPLEMENTAL SUBMISSION**
**ON SENTENCING**

The United States of America, by and through Assistant United States Attorneys John T. McNeil and James P. Dowden, hereby submits this second supplement to the *Government's Sentencing Memorandum and Motion for Upward Departure* [D.288].  At the status conference on November 29, 2010, the Court invited the government supplement its written submissions on the following issues:

> **Additional evidence of persons from whom Wilkerson solicited funds**: Wilkerson claimed in her sentencing memorandum that "the first and only time [,] she asked for money" was when she requested funds from the undercover agent in September 2008. [D.289 at 21].  The government is submitting under seal the names and related documents of a subset of  those individuals from whom Wilkerson solicited funds while she was in office.  The grand jury testimony of Ms. Meibaum and Mr. Sturges reveal that this type of solicitation was not covered by the Ethics Commission's advice letters (included at D.289, Exhibit 9), was not otherwise sanctioned by the Commission, and that they had warned her counsel that such solicitation was a potential violation of M.G.L.c. 268A §§3, 23(b)(2) and 23(b)(3).  Attached as Exhibit 1 is the letter which triggered the Commission's opinion letters, and the facts to which the opinions were limited.
>
> **Ethics Commission Violation**: Wilkerson claimed in her sentencing memorandum that her ethics violation was caused by "a single letter she wrote in 1999." [D.289 at 28]. The government submits as Exhibit 2 a copy of the settlement with the State Ethics Commission which reflects the Commission's findings that: Wilkerson wrote a letter on Senate letterhead on June 4, 1999 to Fleet and BankBoston regarding the merger divestiture plan [Exhibit 2 at ¶11]; Wilkerson forwarded that letter to the Board of Bank Incorporation ("BBI") [*Id*. At ¶12]; on July 7, 1999, Wilkerson, identifying herself as a state senator, testified at a public hearing before the Federal Reserve Board regarding this matter [*Id*. at ¶13]; and on July 13, 1999, Wilkerson, identified as a state senator, spoke at a public hearing before the BBI. [*Id.* at ¶14].
>
> **Campaign Finance Violations**: Wilkerson minimizes the scope and nature of her campaign finance violations which spanned most of her terms in office. [D.289 at 27-28]. The defendant has included the settlement agreement from her first series of campaign finance violations, and that document reflects the compromise reached by the parties in that case.  [D.289 at Exhibit 19].  The Verified Complaint for the second series of

campaign finance violations has already been submitted to the Court. [*See* D.288 at Exhibit 1]. The settlement agreement, reflecting the Commonwealth's compromise of its second set of claims, and related summary documents, are attached as Exhibit 3. The most salient paragraphs of the detailed settlement agreement are at ¶¶15-20. When Wilkerson failed to comply with the terms of this 2008 settlement, a subsequent Verified Complaint was filed citing those violations. Documents related to those violations are attached as Exhibit 4. Wilkerson's related claim – that her solicitation of $10,000 from Azid Mohammed in the fall of 2008 was lawful – falls of its own weight. [D.289 at 27]. A review of the transcript of the conversation with the undercover regarding her solicitation of $10,000 from him (attached as Exhibit 5), as well as Mohammed's grand jury testimony, reveal that the Mohammed solicitation was part of a larger scheme to unlawfully fund her sticker campaign. [Exhibit 5 at 3 and PSR¶¶74,80]. Likewise, her claims that her receipt of the exact same sum ($10,000) at precisely the same time (October 1, 2008, *see* Exhibit 6) from John Walsh was lawful and unrelated to her sticker campaign are not credible.[1] There is little question that she cashed the Walsh check and then used the funds on her campaign. [PSR¶¶75,81]. Yet in her campaign finance filings on October 27, 2008, there is no record of a Walsh donation, nor is there any record that she loaned this $10,000 "gift" to her campaign. [*Id*.; *see also* Exhibit 7]. Thus, her claims that her receipt and use of the Walsh money were lawful are meritless.

        Respectfully submitted,

        CARMEN M. ORTIZ
        United States Attorney

Dated: December 1, 2010    By:    */s/ John T. McNeil*
        JOHN T. MCNEIL
        JAMES P. DOWDEN
        Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I, John T. McNeil, Assistant United States Attorney, do hereby certify that this document, was filed on the above date through the ECF system which sends copies electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

        */s/ John T. McNeil*
        JOHN T. MCNEIL
        Assistant U.S. Attorney

---

[1] These documents are not being filed under seal as the defendant has already identified Mr. Walsh in her sentencing memorandum by name.